```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     ASHEVILLE DIVISION
                      1:05CV225-02-MU
```

| | |
|---|---|
| TERRANCE JAMES,                )  |   |
|     Plaintiff,             )  |   |
|                                )  |   |
|     v.                    )  | <u>ORDER</u> |
|                                )  |   |
| DRENDA RAY, Correctional       )  |   |
|   Officer at the Marion      )  |   |
|   Correctional Institution, )  |   |
|       Defendant.          )  |   |
| _____ )  |   |

**THIS MATTER** comes before the Court on review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed May 31, 2005. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u>, with prejudice, for it's failure to state a claim for relief.

At the outset, the Court notes that this is the sixth law suit which the plaintiff has brought in this Court (<u>see</u> cases 1:04CV69-01-MU; 1:04CV88-01-MU; 1:04CV201-02-MU; 1:04CV15-02-MU; and 1:05CV51-01-MU). Moreover, this is yet the second time that the plaintiff has named Officer Ray as a defendant in his civil rights litigation. Notwithstanding his perseverance, however, the plaintiff has yet to succeed in any of his cases.

In the instant case, the plaintiff again complains about the occasion in December 2004, when defendant Ray allegedly came to

his cell, opened the food slot, and sprayed pepper spray on his legs, thighs and genital area. According to the plaintiff, after this incident occurred, he had difficulty breathing, his lungs burned, his eyes and nose watered, his legs shook and burned for about 10 to 15 minutes.

However, the plaintiff was able to clean himself off with cold water, and he declined to take a shower when he was permitted to do so by another correctional officer. The plaintiff's Complaint further suggests that defendant Ray sprayed him with the pepper spray "solely as a result of [his] verbal provocation." By way of relief, the plaintiff has asked this Court to award him tens of thousands of dollars in compensatory and punitive damages. At any rate, in light of the plaintiff's continued failure to show that he has exhausted his administrative remedies with respect to this claim—-which failure is the reason why the first case setting forth these allegations was dismissed, and in light of his failure to demonstrate that he suffered any more than de minimis harm, this action now will be dismissed with prejudice.

Indeed, as the plaintiff was told in his earlier case regarding these allegations (1:05CV51-01-MU), the Prison Litigation Reform Act requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. §1997e. Such requirement is mandatory. Porter v. Nussle, 534

U.S. 516 (2002). Despite previously having been advised of these matters, the plaintiff still has re-filed this litigation without any mention of having fully exhausted this claim with the North Carolina Department of Corrections (the "N.C.D.O.C." hereafter).

Most critically, however, the plaintiff's Complaint makes it clear that he has not suffered a constitutionally actionable harm as a result of the defendant's alleged conduct. That is, taking the plaintiff's allegations as true, he has failed to allege anything more than that he suffered minor, short-term discomforts as a result of defendant Ray's unprofessional conduct; and that, at most, such conduct may have violated N.C.D.O.C. policy. Thus, in the absence of having suffered an actionable harm, the plaintiff simply cannot proceed with this case. See Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (holding that conduct resulting in de minimis injury is excluded from constitutional recognition).

Consequently, inasmuch as the plaintiff could not prevail on these allegations even if they were properly exhausted, the instant Complaint will be **DISMISSED, with prejudice**, for its failure to state a constitutional claim for relief. See 28 U.S.C. §1915(A)(b)(1).

**SO ORDERED.**

**Signed: June 13, 2005**

Graham C. Mullen
Chief United States District Judge

4