```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:05CV225-02-MU
```

| | |
|---|---|
| TERRANCE JAMES,            )<br>     Plaintiff,          )<br>                            )<br>     v.                    )<br>                            )<br>DRENDA RAY, Correctional   )<br>  Officer at the Marion    )<br>  Correctional Institution,)<br>         Defendant.        )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on the plaintiff's so-called "Motion To Re-Argue Case," filed June 24, 2005. Inasmuch as the plaintiff's case actually was not argued in the first instance, this Motion will be construed as one for reconsideration under Fed.R.Civ.P. 60(b)(6). In any event, the Court finds that the plaintiff has failed to demonstrate that its prior Order should be disturbed; therefore, this motion will be denied.

The record of this matter reflects that on May 31, 2005, the plaintiff filed his sixth law suit in this Court. Such case was brought under 42 U.S.C. §1983, alleging that the plaintiff had been subjected to an assault by a prison guard who had sprayed him on the legs and genital area with pepper spray on an occasion. After having carefully considered the plaintiff's allegation, however, this Court dismissed the Complaint by an Order

filed June 13, 2005.  Such dismissal was predicated upon the facts that the plaintiff had failed to conclusively demonstrate that he had fully exhausted his administrative remedies on this allegation, and he also had failed to allege or show that he suffered more than de minimis harm from the incident.

Now, the plaintiff has returned to this Court on the instant motion for reconsideration, arguing that the Court should vacate its Order of dismissal because that decision is in contravention of cases from the Fourth and Eighth Circuit Court of Appeals, and because this Court mischaracterized one of his statements.

The Fourth Circuit case upon which the plaintiff relies, Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997), involved allegations that Dorton (a detective) had stuck the tip of an ink pen into the nose of the Riley (a pretrial detainee), and that Dorton had slapped Riley, while scraping his nails across Riley's face. Id. at 1161.  Contrary to the plaintiff's representations, the Riley Court found that such allegations, even if true, did not state a constitutional claim for relief inasmuch as Riley, like the plaintiff in the instant case, could not show any more than a de minimis injury flowing from the inappropriate conduct.  Id.

Indeed, in Riley, the Court of Appeals pointed out, consistent with U.S. Supreme Court precedent, that "[w]hile "it is fundamental that the state cannot hold and physically punish an individual except in accordance with due process of law . . .

2

'[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned.'" Id. at 1166, quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)." Thus, the plaintiff is simply incorrect in his assertion that this Court's Order of dismissal somehow was contrary to either the letter or spirit of the Riley decision.

With regard to the other case to which the plaintiff has pointed, as he may not be aware, this Court simply is not required to follow Eighth Circuit precedent. Therefore, to the extent that the plaintiff bases his challenge Order on an Eighth Circuit case, he simply cannot prevail.

Finally, the Court notes the plaintiff's assertion that this Court misconstrued his Complaint as suggesting that the pepper spray episode occurred as a result of a verbal provocation by the plaintiff. However, even assuming the plaintiff is correct about that, such fact is of little consequence here. That is, the Court's ultimate decision regarding the cognizability of the plaintiff's claim had nothing to do with whether or not he had provoked the incident. On the contrary, the Court's decision had to do with the plaintiff's failures to demonstrate exhaustion or to allege more than de minimis harm. Accordingly, based upon the foregoing, the plaintiff's de facto motion for reconsideration will be **DENIED**.

**SO ORDERED.**

3

**Signed: July 7, 2005**

*(signature)*

Graham C. Mullen
Chief United States District Judge